### Herbert Realty Company v. Petschelt.

*Landlord and tenant—Apartment-house—Quiet and peaceful enjoyment— Noise and disturbances in neighboring apartment—Eviction.*

1. Where the owner of an apartment-house covenants in specific terms with a tenant that the rules and regulations for the conduct of the house shall form a part of the lease, and the rules provide that no tenant shall disturb or annoy other tenants by unseemingly or untimely noises, failure by the landlord to enforce such a rule will justify a tenant who is disturbed by such noises in leaving the premises and refusing to pay rent.

2. Failure by the landlord, after due notice, to abate the nuisance works an eviction of the tenant.

Rule to show cause why judgment should not be opened. C. P. No. 5, Phila. Co., June T., 1925, No. 7750.

*H. Shapiro,* for plaintiff.

Per Curiam, Oct. 21, 1926.—Defendant leased three rooms and bath in the Belmont Apartment House for the term of eighteen months from April 1, 1924. The landlord agreed "to make and enforce all reasonable rules and regulations that may be necessary or proper for the general comfort and welfare of tenants, and conduct said building in a general first class manner."

The lease contained a provision that the rules and regulations in regard to the house, printed on a page attached to the lease, should be considered part of the lease.

Among these rules and regulations was one stipulating "that no tenant nor any of his family, guests or visitors shall disturb or annoy the other tenants or occupants of the building by any unseemly or untimely noises or by any interference in any way."

The lessee agreed if, before the expiration of the term, he removed or vacated the apartments, the whole rent for the term then remaining unpaid should become payable forthwith, and the lessor was authorized to file a copy of the lease in the office of the prothonotary, and any attorney to appear for and confess judgment against the lessee for all arrearages of rent.

On June 29, 1925, the lessee removed from the apartments. The landlord filed a copy of the lease, and the prothonotary entered judgment in ejectment and for $225 rent, covering the balance of the term. The rent was paid for the period defendant occupied the premises.

A petition was presented, averring that defendant was entitled to quiet and peaceful enjoyment of the apartments, undisturbed by unreasonable noises by

Herbert Realty Company *v.* Petschelt.

other occupants of the apartment-house, but that he and his family were continuously deprived of quiet possession and enjoyment of the premises leased by disorderly and improper conduct of a tenant and others in the apartment below that occupied by him; that the noise from this apartment was unnecessary and unreasonable, and consisted of shouting, loud talking, profane and vulgar language, singing and other sounds of revelry and carousing, such as greatly disturbed him and his family, both during the day and night, and continued until early hours in the morning, preventing them from obtaining necessary sleep and rest; that "on account of such disorderly conduct and noise the Police Department, on or about Sunday, May 10, 1925, raided the apartment. Your petitioner notified the janitor of the said apartment-house and the plaintiff of the conditions which existed, but they neglected and refused to do anything to remedy the same. Your petitioner, in order to protect his family and himself, was compelled to remove from said apartment before the expiration of his lease." The rule now before us was granted to show cause why the judgment should not be opened and defendant permitted to present a defence.

No denial was made of the facts averred in the petition. Plaintiff filed an answer in the nature of a demurrer, averring that the petition shows no legal right to have the judgment opened, there being no allegation that the interference with the quiet enjoyment of defendant was occasioned by the landlord or any one acting for him.

A reference to the lease filed of record shows that the landlord in specific terms covenanted with defendant that the rules and regulations for the conduct of the house formed a part of the lease, and agreed that no tenant, his family, guests or visitors should disturb or annoy the lessee by unseemly or untimely noises. Having assumed this obligation, it was his legal duty to secure to defendant the quiet enjoyment to which he was entitled under the lease, by enforcing the rules and regulations made for the conduct of the house.

The lease is on a printed form, and contains the covenant of the lessee that the rules and regulations will be faithfully observed by him, his employees and all persons invited by him into the building, and an agreement for an amicable action in ejectment if the lessee violates any covenant or condition on his part to be performed; in which event, the lease shall absolutely determine at the option of the lessor, and upon filing a copy of the lease in the prothonotary's office, an amicable action in ejectment will be entered for the demised premises.

It is fair to assume for the purposes of the present argument that the objectionable tenant who was the subject of annoyance to the defendant occupied his quarters under the same landlord and a lease containing similar terms.

Clothed with the plenary power provided by the lease, it was the duty of the landlord, after receiving a well-grounded complaint from defendant to abate the nuisance, which, as described in the petition to open the judgment, worked an eviction for which the landlord was responsible in failing to perform his covenant to secure to defendant the peaceful enjoyment of the demised premises.

The merits of the case can best be determined by opening the judgment and hearing testimony as to the true facts of the case. Rule absolute.